UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD HOLUBECK AND SUZANNE HOLUBECK | ) ) ) | |
| Plaintiff, | ) ) | |
| V. | ) ) | CIVIL ACTION NO. |
| WRIGHT NATIONAL FLOOD INSURANCE COMPANY | ) ) ) ) | |
| Defendant, | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES**, Plaintiff, EDWARD HOLUBECK AND SUZANNE HOLUBECK files this Original Complaint and Jury Demand and respectfully shows the Court the following:

### I. PARTIES

1. Plaintiff, **EDWARD HOLUBECK AND SUZANNE HOLUBECK** are residents residing at 2721 Azalea, city of Groves in Jefferson, County, Texas, 77619 (the "Property"), was insured against flood damages by the Defendant, Wright National Flood Insurance Company.

2. Defendant, **WRIGHT NATIONAL INSURANCE COMPANY,** was and is a private insurance company incorporated under the laws of the State of Texas, doing business in Texas, with its principal place of business located at 801 94th Avenue North # 110, Saint Petersburg, Florida, 33702 and may be served with process through its agent for service CT Corporation System, 1999 Bryan St., Ste 900, Dallas, TX  75021-3136.

3. Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Ace ("NFIA"), as amended, 42 U.S.C. § 4001, *et seq*.  Defendant issued a Standard Flood Insurance Policy No. 42 1150940902 04

(the "Policy") in its own name, as a fiscal agent of the United States, to Plaintiff. Pursuant to 42 U.S.C. §§ 4071 and 4081 and 44 C.F.R. §62.23, Defendants was and is responsible for the claims handling, adjustment, settlement, payment and defense of all claims arising under the Policy.

## II. JURISDICTION AND VENUE

4. This action arises under the NFIA, Federal regulations and common law, and the flood insurance policy that Defendant procured for and issued to Plaintiff in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiff's Property located in this judicial district.

5. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C.§ 4072 over all disputed claims under NFIA policies, without regard to the amount in controversy, whether brought against the government of a WYO company.

6. This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured property is located in this judicial district.

7. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and U.S.C. § 4072 because it is where the Plaintiffs' property is located and where a substantial part of the events at issue took place.

## III. FACTS

9. On or about August 26, 2017, EDWARD HOLUBECK AND SUZANNE HOLUBECK sustained losses at 2721 Azalea Lane Groves, Texas from Hurricane Harvey. At the time, EDWARD HOLUBECK AND SUZANNE HOLUBECK was insured by Wright Indemnity Insurance Co ("Wright") under Policy No.: 421150940902. The date of loss was noted to be August 26, 2017.

10. Plaintiff purchased a WYO policy from Defendant to insure the Property and the contents therein against physical damage by or from flood. The Policy was in full force and effect on the date of Hurricane Harvey and Plaintiff paid all premiums when due.

11. Between August 25th and 29th, 2017, Hurricane Harvey made landfall as a Category 4 Hurricane, battering coastal and inland properties with punishing rains and highspeed winds of at least 145 mph. Hurricane Harvey dropped more than nineteen (19) trillion gallons of water on South Texas, resulting in sixty-one (61) inches of rainfall in southeast Texas and the Houston area. Harvey floodwaters inundated homes and properties with toxic category three (3) water contaminated with sewage and e. coli, flesh-eating bacteria, and other dangerous pathogens. This toxic water remained inside South Texas properties for many days. In its aftermath, Harvey has been hailed as one of the worst weather disasters in history.

12. Plaintiff's Property was no exception to the area-wide devastation. Plaintiff's Property and contents therein were destroyed by the water, dangerously contaminated, and rendered unsalvageable. Moisture saturation and contamination from prolonged duration and exposure of flood water necessitated excessive repairs to, among other things, drywall, solid wood doors, cabinetry, countertops, electrical systems, plumbing systems, HVAC, fixtures, framing, the stud wall system, sheathing and/or weather barrier system, insulation, and to the exterior finishings.

13. On or about August 30, 2017, a loss was reported to Wright for flood damage that had then caused water damage to the interior. Wright issued a claim number 17-0012675. Colonial Claims LLC was assigned to inspect the building. The property ultimately was inspected by a field adjuster. Ultimately Defendant paid damages in the amount of $114,302.16 after the applicable deductibles were deducted.

14. Plaintiffs sent a demand letter on or about June 21, 2019 with an Estimate outlining the necessary repair scope and reasonable pricing associated with the damages resulting to the exterior

roofing from Hurricane Harvey weather event by Loss Solutions.  This amount was approximately $153,325.89 but it included the $114,302.16 previously paid by Defendant.  On September 11, 2019, Defendant sent an email denying Plaintiff's demand for additional funds to repair the home.

15. Plaintiffs' property sustained significant losses by and from flood as the result of Hurricane Harvey.  Plaintiffs have incurred and will incur significant expenses to repair and replace the flood-damaged structure and personal property inside.

16. Due to the insufficient evaluation of covered damages, Plaintiffs were forced to retain an expert report thoroughly examines the damage to the property as a sole result of flood.  Plaintiffs' expert report thoroughly examines the damage to the Property and presents a detailed itemization of the losses, all of which are covered under the policy.  It considers items omitted and/or underpaid by the insurance adjuster and reflects the proper and true cost to repair the flood-damage covered under the Policy.  Plaintiffs' expert used pricing models which account for post-storm increases in material and labor costs required for full and proper repair.  Defendant's adjuster often allowed only for patchwork repairs.

## CAUSE OF ACTION: BREACH OF CONTRACT

14. Plaintiffs' repeat, reiterates and re-alleges each and every allegation set forth in the paragraphs above as is fully set forth herein.

15. Plaintiffs and Defendant entered into a contract when Plaintiffs purchases and Defendant issued the policy.  The policy, at all times relevant and material to this case, provided insurance coverage to Plaintiffs for, among other things, physical damage to the property caused by flood.  *See* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. 1.

16. Plaintiffs duly performed and fully complied with all the conditions of the policy and conditions precedent to the filing of this Complaint, including appropriate and adequate demands, or Defendant waived or excused such conditions precedent.  *See* 44 C.F.R. Pt. 61 App. A(1), SFIP,

Art. I; *and see Gowland v. Aetna Insurance Co.,* 143 F.3d 951, 954 (5th Cir. 1998).  Plaintiffs strictly complied with the proof of loss requirements required for payment on a SFIP claim, and submitted it to the Defendant within the deadline.  *See* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. VIII(J)(4).  Plaintiffs' Complaint is ripe and timely filed because it is within one year of the date Defendant denied all or part of Plaintiffs' claim.  44 C.F.R. Pt. 61, App. A(1), SFIP, Art. VII(M),(R); 42 U.S.C. §4072; *Altman v. Napolitano,* 2013 WL 788452* (S.D. Tex. Mar. 1. 2013); *Qadr v. FEMA*, 543 F.Supp.2d 558, 561-62 (E.D. LA 2008).

17. Defendant unjustifiably failed and/or refused to perform its obligations under the policy and wrongfully denied or unfairly limited payment on the Plaintiffs' claim.

18. Defendant failed to perform and materially breached the insurance contract when it wrongly failed to pay Plaintiffs for damages the flood caused to the property that the policy covered.  *See* 44 C.F.R. Pt., App. A(1), SFIP, Art. I.

19. Defendant violated the National Flood Insurance Act ("NFIA"), flood insurance rules and regulations, and Federal common law by, among other things:

   a. Failing to fairly and timely adjust and pay on the flood claim at issue;

   b. Failing to properly train and supervise its adjusters, claims examiners, representatives and agents;

   c. Failing to honor Plaintiffs' satisfactory proof of loss;

   d. Failing to provide its adjusters, claims examiners, representatives and agents with proper and uniform materials with which to evaluate claims;

   e. Failing to take into account the shortage of labor and contractors following Hurricane Harvey;

   f. Failing to take into account for the increase in labor, materials, costs, and time in evaluating Plaintiffs' claim; and

    g.    Failing to inform the Plaintiffs of flood policy limitations and exclusions. *See* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I, III, IX.

20. Defendants also breached the contract by failing to perform other obligations it owed under the policy.

21. As the direct and proximate result of Defendant's breach, Plaintiffs have suffered actual damages in excess of policy limits.

22. By virtue of its various breaches on contract, including its failure to fully reimburse Plaintiffs for the covered losses, Defendant is liable to and owes Plaintiffs for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Plaintiffs may prove as allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff has and recover judgment of, and from Defendant, a sum in excess of the minimum jurisdictional amounts of this Court, costs of court, pre-judgment, and post-judgment interest which may be authorized by law, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Eric W. Newell*
ERIC W. NEWELL
Texas Bar No. 24046521
Email: eric_newell@bcoonlaw.com
215 Orleans
Beaumont, Texas 77701
Tel. (409) 835-2666
Fax. (409) 835-1912
Attorney for Plaintiff
EDWARD HOLUBECK AND SUZANNE HOLUBECK